IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARNOLD DAY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-7286 |
| | ) | |
| v. | ) | Honorable Sara L. Ellis |
| | ) | Magistrate Judge Jeffrey |
| KENNETH BOUDREAU, WILLIAM | ) | Cummings |
| FOLEY, JUDE EVANS, MICHAEL | ) | |
| KILL, DAN MCWEENY, JAMES | ) | |
| BRENNAN, ANTHONY WATSON, | ) | JURY TRIAL DEMANDED |
| MARTY RADTKE, and CITY OF | ) | |
| CHCAGO, and UNIDENTIFIED | ) | |
| EMPLOYEES OF THE CITY OF | ) | |
| CHICAGO, | ) | |
| Defendants. | | |

**JOINT INITIAL STATUS REPORT**

Plaintiff Arnold Day, by his attorneys, joined by Defendants City of Chicago, Kenneth Boudreau, Jude Evans, Dan McWeeny, Anthony Watson, and Marty Radtke, by their attorneys, pursuant to the Court's December 4, 2019 Order (Dkt. 10), respectfully submit the following Joint Initial Status Report in the above-captioned matter.

1. **Nature of the Case**

   **A. Attorneys of record for each party**

   Plaintiff is represented by the following attorneys:

   1. Jon Loevy (lead attorney), Arthur Loevy, Gayle Horn, Sam Heppell, Renee Spence – Loevy & Loevy, 311 N. Aberdeen Street, 3rd Floor, Chicago, IL

60607; and Steve Greenberg – Greenberg Trial Lawyers, 53 W. Jackson Blvd, Suite 1260, Chicago, IL 60604.

2. Defendant Officers Kenneth Boudreau, Jude Evans, Dan McWeeny, Anthony Watson, and Marty Radtke are represented by Eileen E. Rosen (lead trial counsel), Patrick R. Moran, Andrew J. Grill, and Brittany D. Johnson of Rock, Fusco & Connelly, LLC, 321 N. Clark Street, Suite 2200, Chicago, Illinois 60647.

3. Defendant City of Chicago is represented by James G. Sotos (lead trial counsel), Jeffrey N. Given, Joseph M. Polick, George J. Yamin, Jr., and Sara J. Schroeder of The Sotos Law Firm, 141 W. Jackson Blvd., Suite 1240A, Chicago, Illinois, 60604.

### B. Nature of the claims

Plaintiff brings claims for the violation of rights protected by the Fourth and Fourteenth Amendments to the United States Constitution, including his right to due process. Under state law, Plaintiff brings malicious prosecution, intentional infliction of emotional distress, and civil conspiracy claims against the Individual Defendants. Under federal law, Plaintiff brings *Monell* claims against the City, and under state law, Plaintiff brings *respondeat superior* and indemnification claims against the City. There are no counterclaims in this case.

### C. Major legal and factual issues

The principal legal and factual issues are: (1) the underlying facts of the crimes of which Plaintiff was convicted and the police investigation of those crimes; (2)

whether Defendants caused Plaintiff to be detained without probable cause and with malice, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments and Illinois law; (3) whether Defendants fabricated evidence used in Plaintiff's criminal case and suppressed material exculpatory or impeachment evidence during Plaintiff's criminal case, in violation of Plaintiff's right to due process protected by the Fourteenth Amendment; (4) whether any alleged policy or custom of the City of Chicago caused Plaintiff's rights to be violated; and (5) Plaintiff's alleged damages.

The underlying crimes at issue involve the Chicago Police Department's investigation of the May 1991 shooting death of Jerrod Irving and September 1991 shooting death of Rafael Garcia. As a result of this investigation, Plaintiff Day was arrested and charged for shooting both victims. Plaintiff was ultimately convicted for the murder of Jerrod Irving and acquitted for the murder of Rafael Garcia. Plaintiff brings this lawsuit to address claims related to both murders. The Garcia murder is also the underlying crime at issue in a separate lawsuit pending in the Northern District of Illinois, *Anthony Jakes v. Kenneth Boudreau, et al.,* Case No. 19-CV-02204.

Defendants deny any wrongdoing or misconduct and further assert that Plaintiff is not entitled to any damages. In addition, the Individual Defendants contend that as a result of their investigation, eyewitnesses credibly named Plaintiff Day as the shooter involved in the incidents that resulted in the deaths of Irving and Garcia. The Individual Defendants will also raise several affirmative defenses under both

3

federal and state law including absolute immunity, qualified immunity, public official immunity, failure to mitigate and comparative fault. Finally, Defendants believe Plaintiff's claims are time-barred.

### D. Relief sought by the parties

Plaintiff seeks compensatory damages and punitive damages against Defendants in an amount to be determined by a jury, as well as attorneys' fees and costs.

## 2. Jurisdiction

A. This Court has jurisdiction under 28 U.S.C. § 1331 over Plaintiff's claims brought pursuant to 42 U.S.C. §1983. This Court has jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367. All the events giving rise to Plaintiff's claims occurred in Chicago, Illinois.

## 3. Status of Service

The following Defendants have not been served:

1. Michael Kill – *deceased*, Plaintiff intends to file a motion to have a personal representative appointed. The court has already granted a motion to appoint a personal representative in the civil matter *Anthony Jakes v. Kenneth Boudreau, et al.,* 19-CV-02204 (N.D. Ill 2019) pending Plaintiff's compliance with the Illinois Probate Act, including identification of an appropriate representative and proper notice to heirs and legatees of the decedent. *See Jakes*, Dkt. 41.

2. James Brennan – *deceased*, Plaintiff intends to file a motion to have a personal representative appointed;

4

3. William Foley – *deceased*, Plaintiff intends to file a motion to have a personal representative appointed. An Independent Administrator of Foley's estate has been previously appointed by the probate court in the pending civil matter *Nevest Coleman v. City of Chicago, et al.,* 18-CV-998 (N.D. Ill 2018). The probate court appointed Geri Lynn Yanow as the Independent Administrator of Foley's estate on April 16, 2019.

4. **Consent to Proceed Before a United States Magistrate Judge**

The parties do not unanimously consent to proceed before a Magistrate Judge.

5. **Motions**

   A. There are no pending motions. However, the City intends to file a motion to bifurcate *Monell* claims from claims against the Individual Defendants and to stay discovery on these claims.

   B. Defendants anticipate responding to the complaint by filing an Answer.

6. **Case Plan**

   A. Defendants Answers to the Complaint are due by February 17, 2020, by agreement. MIDP disclosures are due March 19, 2020.

   B. Proposed Discovery Plan:

   1. Generally, the parties will need all documents, recordings, materials, photographs, and physical evidence that were generated and collected during the investigations and prosecution of the Jerrod Irving and Rafael Garcia murders, and that relate to those cases and/or the City's policies and practices, which Plaintiff alleges caused the violation of his rights.

5

    The parties will also need to take depositions of witnesses and experts who have relevant knowledge. Further, Plaintiff believes he will need to conduct inspections of the files, physical evidence, and facilities in which documents and evidence have been stored. Without knowing what specifically Plaintiff wants to inspect, Defendants do not yet agree such discovery is necessary. The Parties believe each side will need more than the 10 depositions permitted by the Federal Rules and will meet and confer regarding the proposed number of depositions.

2. Not applicable.
3. Written discovery:
   a. Plaintiff proposes: April 20, 2020
   b. Defendants propose: May 18, 2020
4. Fact discovery deadline:
   a. Plaintiff proposes: April 20, 2021
   b. Defendants propose: November 19, 2021
5. Plaintiff proposes that expert discovery will be completed by October 11, 2021. Plaintiff further proposes the following interim deadlines:
   i. Plaintiff's expert disclosures: May 21, 2021
   ii. Defendants' expert disclosures: July 21, 2021
   iii. Plaintiff's rebuttal expert disclosures: September 21, 2021

   Defendants have insufficient information to propose an expert discovery schedule and do not agree to Plaintiff's proposed dates.

6. Final supplementation of mandatory initial discovery deadline:

    a. Plaintiff proposes: March 22, 2021

    b. Defendants have insufficient information to propose a final MIDP supplementation date and do not agree to Plaintiff's proposed date.

7. Deadline to file dispositive motions:

    a. Plaintiff's proposes: November 12, 2021

    b. Defendants have insufficient information to propose a deadline for filing dispositive motions and do not agree to Plaintiff's proposed date. Defendants, however, request that the parties be given 60 days after the close of discovery to file any dispositive motions.

C. The parties request a jury trial. Plaintiff estimates the trial will take 10 to 15 trial days. Defendants estimate the trial will take approximately four weeks depending on which claims are tried against which Defendants.

8. **Status of Settlement Discussions**

    A. No settlement discussions have occurred.

    B. See Section 8A above.

    C. The parties do not request a settlement conference at this time.

RESPECTFULLY SUBMITTED,

By: /s/ Renee Spence
Arthur Loevy
Jon Loevy
Gayle Horn
Sam Heppell
311 N. Aberdeen St., 3rd Fl.
Chicago, Illinois 60607
(312) 243-5900
*Counsel for Plaintiff*

/s/ Steve Greenberg
Greenberg Trial Lawyers
53 W. Jackson Blvd, Suite 1260
Chicago, IL 60604
(312) 879-9500
*Counsel for Plaintiff*

By: /s/ *Jeffrey N. Given*
James G. Sotos
Joseph M. Polick
George J. Yamin, Jr.
Sara J. Schroeder
141 W. Jackson Blvd., Ste. 1240A
Chicago, Illinois 60604
(630) 735-3300
*Counsel for Defendant City of Chicago*

By: /s/ *Patrick R. Moran*
Eileen E. Rosen
Patrick R. Moran
Andrew J. Grill
Brittany D. Johnson
321 N. Clark, Ste. 2200
Chicago, IL 60647
(312) 494-1000
*Counsel for Defendants, Boudreau,
Evans, McWeeny, Watson, and Radtke*

## CERTIFICATE OF SERVICE

I, Renee Spence, an attorney, certify that on December 30, 2019, I filed the foregoing JOINT INTIAL STATUS REPORT using the Court's CM/ECF system, which effected service on all counsel of record listed below.

/s/ Renee Spence
*One of Plaintiff's Attorneys*