IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Arnold Day, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-7286 |
| | ) | |
| v. | ) | Honorable Sara L. Ellis |
| | ) | |
| Kenneth Boudreau, et al., | ) | |
| | ) | |
| Defendants | ) | |

**THE OFFICER DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE
TO CORRECT "MISREPRESENTATIONS" IN DEFENDANTS' MOTION TO TAKE
DEPOSITIONS AFTER THE CLOSE OF FACT DISCOVERY**

Defendants Kenneth Boudreau, Jude Evans, Dan McWeeny, Anthony Watson, Marty Radtke (the "Officer Defendants"), through their undersigned attorneys, and for their reply to Plaintiff's response to correct "misrepresentations" in Defendants motion to take depositions after the close of fact discovery, state the following:

1. Despite not opposing Defendant's Motion for Leave to Take Certain Depositions after the Close of Fact Discovery, Plaintiff still filed an unnecessary response to the motion, ostensibly intended to correct "misrepresentations." In fact, the response is, unfortunately, just a veiled and unprofessional attack on the credibility of Defendants' attorneys.

2. Plaintiff begins by noting how hard he has worked to resolve discovery disputes, citing Defendants' motion as "one such example." Not so. Plaintiff did not "try" to resolve the instant dispute.[1] Instead, he opportunistically withdrew his support for taking a limited number of

---

[1] Speaking of unnecessary motion practice, Plaintiff's motion to split the time for the deposition of Edward Robinson is exactly that. Plaintiff initially named Robinson as a witness but withdrew him after learning that Robinson's attorney objected to Robinson's deposition and intended to file a motion for a protective order to prevent it. Plaintiff tried to limit the time Defendants would have for Robinson's deposition after Defendants noticed Mr. Robinson's deposition themselves. When the court ordered the deposition to take

depositions after the close of fact discovery, December 19, 2022, only after hearing the Court express its reluctance to extending fact discovery at the last court appearance. Indeed, as set forth in Defendants' motion, when Defendants followed up with Plaintiff after the hearing to confirm their motion would be unopposed, Plaintiff not only objected, but had the audacity to claim that he had always opposed any discovery after December 19, 2022. That claim is demonstrably false, as set forth in Defendants' motion. *See* Dkt. 147. Plaintiff obviously saw an opportunity to squeeze Defendants and took advantage of it by withdrawing a prior offer to take depositions after the close of fact discovery.

3. Now, Plaintiff quibbles with minor discrepancies, such as the fact that the motion did not make it clear that Plaintiff had only agreed to taking 12 depositions after fact discovery. But the point is a tempest in a tea pot. Defendants' motion seeks only two depositions, well below what Plaintiff had agreed to before he reneged. It does not change the salient point, which is that Plaintiff was for taking depositions after the close of fact discovery, before he was against it.

4. As a result, Defendants were forced to file a more detailed motion to withstand an objection from Plaintiff. Meanwhile, in preparing the latest joint status report, Plaintiff discovered that his gamesmanship was about to cost him, because there is no time left before the close of fact discovery for Plaintiff to take the depositions of two witnesses he wants, John Halloran and James Treacy. Suddenly, Plaintiff's intransigence evaporated and, he once again changed positions,

---

place and allowed Defendants five hours, Plaintiff did not raise any argument that the time should be split. Clearly, Plaintiff wants to limit the questions Defendants can ask Robinson, and the proposal to split time is just another attempt to prevent Defendants from using the five hours the Court allowed for them to take the deposition. Had Plaintiff truly wanted to split time, he would not have sought to limit the time for Defendants to take Robinson's deposition and would have raised the argument for splitting time when the Court ruled on the length of that deposition.

sought to compromise, and agreed that certain depositions could take place after the close of discovery. That should have ended the dispute.

5. It did not, however. Now Plaintiff wants to air grievances about what he thinks were "misrepresentations" in a motion he does not oppose and, in the process, sling mud at Defendants and their attorneys for allegedly causing delays in scheduling depositions.

6. As for the alleged "misrepresentations," Plaintiff sent Defendants an email that identified only three concerns: (1) (as discussed above) that the motion did not say that Plaintiff's proposal to extend fact discovery to January 26, 2022 was limited to 12 depositions; (2) that Plaintiff's counsel had explained that the deposition of Cassandra Taylor was "inadvertently" left off a list of depositions; and (3) that Defendants did not accurately describe Cassandra Taylor's role in this case. (*See* Dec. 8, 2022, 12:34 p.m. Email from R. Spence to A. Grill, Attached as Exhibit A).

7. Defendants promptly responded in an email and explained why there was no misrepresentation. The first one, as noted above, is not a misrepresentation or even relevant to the motion. The second one was inadvertently omitted, not intentionally misrepresented, and still not significant to the motion or a misrepresentation, and the third is not a misrepresentation at all. The fact that Plaintiff disagrees with Defendants' view of the witness' role does not mean Defendants have misrepresented the facts. (*See* Exhibit A, Dec. 8, 2022, 2:15 p.m. Email from P. Moran to R. Spence)

8. Nonetheless Defendants agreed to file a corrected motion, which clarified that Plaintiff was for taking only a limited number of depositions after fact discovery (before he was against it), that he had provided an explanation for leaving Cassandra Taylor off a proposed

deposition schedule, and that Taylor's role is what Defendants believe it to be based on their review of evidence. That should have resolved the concerns.

9. Of course, it did not. Interestingly, though Plaintiff claims that he filed the response to correct alleged misrepresentations, his response levels a series of additional cheap shots about other issues in paragraphs 7 and 8 about Defendants' conduct during discovery, which he did not raise in his email to Defendants. For example, he claims that Plaintiff only cancelled depositions because Defendants had subpoenaed the wrong person. Not true. For example, Plaintiff cancelled Cassandra Taylor and Dorothea Robinson's deposition to accommodate their work schedules. Dorothea Robinson appeared for her deposition on December 8, 2022 but left after 20 minutes because she had to work, requiring her deposition to be postponed to December 9, 2022. John Burnom's deposition was set for November 28, 2022 but cancelled the day before Thanksgiving because Plaintiff filed a motion for a protective order, weeks after receiving notice of this deposition on November 10, 2022, challenging the relevance and scope or this deposition.[2] (*See* Dkt. 127). Plaintiff also ignores the number of Plaintiff's witnesses who simply did not show for their subpoenaed depositions, as reflected by the email correspondence. (*See* Dkts. 112, 115, 137). And he also ignores the opportunity cost that happens when a deposition is cancelled or when his witnesses ignore subpoenas, which burns up a day that could have been used for a deposition and forces the parties to squeeze more depositions into a shorter period of time.[3]

---

[2] The Court denied the motion but limited the deposition to three hours. (*See* Dkt. 140).
[3] To be fair, both sides have had good cause to reschedule recent depositions. For example, deposition of Ken Boudreau had to be postponed because Plaintiff's counsel was in car accident the morning of the deposition. Defendants promptly rescheduled the deposition. On the other hand, two of Defendants' depositions had to be postponed because a close relative of Defendants' counsel passed away. Although Plaintiff was initially open to rescheduling those depositions after the close of fact discovery, as set forth above, he changed his mind once he found out the Court was reluctant to extend fact discovery. Plaintiff ignores that he was unwilling to reciprocate an appropriate professional courtesy, and instead accuses Defendants of dragging their feet.

10. Suffice it to say, Defendants deny the allegations in the response. Given that (a) Plaintiff withdrew his objection after Defendants' motion was filed, (b) Defendants filed a corrected motion, which they did not have to do, to address Plaintiff's immaterial concerns, and (c) the parties reached a compromise to take a small group of depositions after the close of fact discovery, as reflected in the most recent joint status report, there was simply no reason for Plaintiff to file his response. He did so only because it presented an opportunity to paint Defendants in a negative light. The response does not even seek any relief.

11. Accordingly, Defendants request that the Court ignore Plaintiff's response and grant their motion.

Dated: December 9, 2022.

Respectfully Submitted,

Defendant Officers

/s/ *Andrew J. Grill*
Special Assistant Corporation Counsel

Eileen E. Rosen
Patrick R. Moran
Andrew J. Grill
Brittany D. Johnson
Lauren M. Ferrise
Rock Fusco & Connelly
333 West Wacker Drive, 19th Fl.
Chicago, IL 60606
Phone: (312) 494-1000
Email: erosen@rfclaw.com
pmoran@rfclaw.com
agrill@rfclaw.com
bjohnson@rfclaw.com
lferrise@rfclaw.com

## **CERTIFICATE OF SERVICE**

I certify that on December 9, 2022, I electronically filed the foregoing, THE OFFICER DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO CORRECT "MISREPRESENTATIONS" IN DEFENDANTS' MOTION TO TAKE DEPOSITIONS AFTER THE CLOSE OF FACT DISCOVERY, with the Clerk of the Court using the ECF system, which sent electronic notification of the filings on the same day to counsel of record.

*/s/ Andrew J. Gril*