# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ARNOLD DAY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-7286 |
| | ) | |
| v. | ) | Hon. Sara L. Ellis |
| | ) | District Judge |
| KENNETH BOUDREAU, *et al.*, | ) | |
| | ) | Magistrate Judge Jeffrey Cummings |
| Defendants. | ) | |

# EXHIBIT 9

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| Anthony Jakes | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 19 CV 2204 |
| City of Chicago, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Craig Miller
c/o Loevy & Loevy, 311 N. Aberdeen St., 3rd Fl., Chicago, IL 60607

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Rider

| Place: Rock, Fusco & Connelly, LLC<br>321 N. Clark Street, Suite 2200<br>Chicago, IL 60654 | Date and Time:<br><br>04/22/2022 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/12/2022

*CLERK OF COURT*

OR

_____  /s/ Andrew J. Grill
*Signature of Clerk or Deputy Clerk*  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant Officers , who issues or requests this subpoena, are:

Rock Fusco & Connelly, LLC - 321 N. Clark Street, Suite 2200, Chicago IL 60654 - (312) 494-1000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 19 CV 2204

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☑ I served the subpoena by delivering a copy to the named person as follows: _____

Via email on Russell Ainsworth (russell@loevy.com)

_____ on *(date)* 04/12/2022 ; or

☐ I returned the subpoena unexecuted because: _____

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 04/12/2022

Kara Hutson
*Server's signature*

Paralegal
*Printed name and title*

Rock, Fusco & Connelly, LLC
321 N. Clark Street, Suite 2200
Chicago, IL 60654
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY JAKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19 CV 02204 |
| | ) | Hon. Manish S. Shah |
| KENNETH BOUDREAU, | ) | Magistrate Judge Beth W. Jantz |
| | ) | |
| Defendants. | ) | |

## RIDER TO CRAIG MILLER

### Definitions and Instructions

    a.    This Subpoena, Rider, and all of the definitions and instructions that follow, relate to the above-captioned lawsuit, *Jakes v. City of Chicago, et al.,* No. 16 CV 1970, currently pending in the U.S. District Court for the Northern District of Illinois (the "Lawsuit").

    b.    "Plaintiff" or refers to Anthony Jakes.

    c.    "Report" shall refer to the report of your opinions you provided to counsel for either Plaintiff, which was disclosed in the above-captioned matters pursuant to Rule 26 of the Federal Rules of Civil Procedure.

    d.    "Defendant" refers to any of the named Defendants, as well as their counsel, consultants, employees, representatives, agents, contractors, or any other person acting on their behalf.

    e.    "You" and/or "your" shall refer to you as well as any of your associates, agents or employees, including but not limited to counsel, consultants, representatives, contractors, or any other person acting on behalf of any person listed in this paragraph or any person who performed any service for or on your behalf with respect to Plaintiffs.

    f.    "Identify" with respect to a person, shall mean to provide that person's name, address, and telephone number, with respect to a document, "identify" shall mean to provide the date of the document, the author of the document, the subject matter of the document, and where applicable, all recipients of the document.

    g.    "Relate," "relating to," or "regarding" or any variation thereof, shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting

1

upon, or having any logical or factual connection with a stated subject.

h. "Person" shall refer to any individual, corporation, partnership, organization, or other legal entity.

i. "Communication" means the exchange of information between two or more Persons, whether orally, in writing, or by any other means.

j. "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning. In construing a request, the singular shall include the plural and vice versa, and the use of a masculine, feminine, or neutral pronoun shall not exclude any of the others. The past tense includes the present tense and vice versa, where the clear meaning is not destroyed by the change.

k. "Document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and shall include any handwritten, typed, photographed, computerized, audio, video, or other graphical matter, regardless of how it is printed, stored, or reproduced, in your possession and/or control or known by you to exist, whether or not claimed to be privileged or otherwise excludable from discovery. Any Document with any marks or notations, including but not limited to initials, routing instructions, date stamps, and any comments, marking, or notation of any character, is to be considered a separate document.

l. If there are no Documents in your possession, custody, or control which are responsive to a particular request, so state and identify such request.

m. Any request for a Document is also a request to produce all iterations of that Document, including all earlier and all later versions of that Document.

n. In the event that you claim a privilege regarding any of the information sought in this subpoena or rider, please provide a log stating the privilege claimed and providing sufficient information, including the number of pages, type of document, date of document, so that the claim of privilege may be adjudicated.

o. In the event that any Document requested has been destroyed or lost, please identify the document destroyed or lost, its contents, the approximate date of destruction or loss, the identity of the persons who last observed the document prior to its destruction or loss, and the reason for its destruction or circumstances of its loss.

## Materials To Be Produced

1. All Documents and materials prepared by you in forming your opinions in this case, including but not limited to notes, summaries, memoranda, transcriptions (excluding materials that are protected from disclosure by Federal Rule of Civil Procedure 26).

2. All Documents and Communications in your possession, custody, or control relating to this civil case, excluding materials that have been produced already by the parties in this case and materials that are protected from disclosure by Federal Rule of Civil Procedure 26.

3. A list of all federal and state cases in which you have been retained as an expert in the past ten years, including the names of the parties, the case number, and the attorney(s) who retained you.

4. Copies of any reports disclosed by you and transcripts of any trial or deposition testimony provided in any of the cases listed in your response to request number 3 above.

5. A list of all federal and state cases in which your proposed testimony has been barred or limited in part or in whole because of a court ruling.

6. A statement of revenue you have generated by providing expert testimony in civil and criminal cases and/or through your expert consulting business in the past ten years, itemizing the payments you have received and the sources of those payments.

7. All Documents pertaining to billing, invoicing, or the payment of money sent between you and Loevy & Loevy in the past ten years.

8. Copies of all articles, texts, or other writings referenced in your report disclosed in this case.

9. Copies of all Documents referenced in or relevant to your report in this case. For any materials that have been produced already by the parties in this litigation, a listing of materials by bates number will suffice.

10. Copies of all reports or declarations written by your in relation to any case involving allegations of wrongful arrest, prosecution, conviction, or incarceration.

11. Copies of any Communication between you and any third-party witness or party to this case, including Plaintiffs or any of their agents, excluding materials that are protected from disclosure by Federal Rule of Civil Procedure 26.

12. Copies of all presentations, lectures, or talks that you have given in the past ten years that relate to the subject matter of your report in this case.

13. Any audio or video recording in your possession, custody, or control relating to this case, including any audio or video recordings of your interviews with Plaintiffs or any other person identified in your report.

14. Copies of all Documents relating to complaints made against you, or discipline or sanctions imposed upon you, at any time in your professional career.

15. Copies of all peer reviewed publications that you have authored or co-authored that relate to the subject matter of your report in this case.

16. Copies of all Documents and materials used by you to promote or advertise your expert services and/or consulting business or services, including but not limited to advertising materials and Internet websites and postings.

17. A copy of any summary provided to you, regardless of whether the subject matter of the summary is a deposition, trial testimony, reports of any kind or any other document or information.

18. All Communications between you and the Plaintiffs, you and Plaintiffs' attorney(s), and You and employees/agents of Plaintiffs' attorney that:

    (a)    relate to compensation for your study, review, report and testimony;
    (b)    identify facts or data that you considered in forming the opinions expressed; and
    (c)    identify assumptions that the plaintiffs' attorneys (including agents/employees of plaintiffs' attorneys) provided to you that you relied upon in forming his/her opinions.

19. For each assumption responsive to 18(c) above, please provide the assumption provided to you if it is not reflected in the Communication

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | |
|---|---|
| Anthony Jakes *Plaintiff* v. City of Chicago, et al. *Defendant* | ) ) ) Civil Action No. 19 CV 2204 ) ) ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Dr. Richard Leo
c/o Loevy & Loevy, 311 N. Aberdeen St., 3rd Fl., Chicago, IL 60607

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Rider

| Place: Rock, Fusco & Connelly, LLC 321 N. Clark Street, Suite 2200 Chicago, IL 60654 | Date and Time: 04/22/2022 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/12/2022

*CLERK OF COURT*

OR

_____    /s/ Andrew J. Grill
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant Officers , who issues or requests this subpoena, are:

Rock Fusco & Connelly, LLC - 321 N. Clark Street, Suite 2200, Chicago IL 60654 - (312) 494-1000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 19 CV 2204

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: _____

Via email on Russell Ainsworth (russell@loevy.com)

_____ on *(date)* 04/12/2022 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 04/12/2022

Kara Hutson
*Server's signature*

Paralegal
*Printed name and title*

Rock, Fusco & Connelly, LLC
321 N. Clark Street, Suite 2200
Chicago, IL 60654
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY JAKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19 CV 02204 |
| | ) | Hon. Manish S. Shah |
| KENNETH BOUDREAU, | ) | Magistrate Judge Beth W. Jantz |
| | ) | |
| Defendants. | ) | |

## RIDER TO RICHARD LEO, Ph.D.

### Definitions and Instructions

     a.     This Subpoena, Rider, and all of the definitions and instructions that follow, relate to the above-captioned lawsuit, *Jakes v. City of Chicago, et al.,* No. 16 CV 1970, currently pending in the U.S. District Court for the Northern District of Illinois (the "Lawsuit").

     b.     "Plaintiff" or refers to Anthony Jakes.

     c.     "Report" shall refer to the report of your opinions you provided to counsel for either Plaintiff, which was disclosed in the above-captioned matters pursuant to Rule 26 of the Federal Rules of Civil Procedure.

     d.     "Defendant" refers to any of the named Defendants, as well as their counsel, consultants, employees, representatives, agents, contractors, or any other person acting on their behalf.

     e.     "You" and/or "your" shall refer to you as well as any of your associates, agents or employees, including but not limited to counsel, consultants, representatives, contractors, or any other person acting on behalf of any person listed in this paragraph or any person who performed any service for or on your behalf with respect to Plaintiffs.

     f.     "Identify" with respect to a person, shall mean to provide that person's name, address, and telephone number, with respect to a document, "identify" shall mean to provide the date of the document, the author of the document, the subject matter of the document, and where applicable, all recipients of the document.

     g.     "Relate," "relating to," or "regarding" or any variation thereof, shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject.

1

h. "Person" shall refer to any individual, corporation, partnership, organization, or other legal entity.

i. "Communication" means the exchange of information between two or more Persons, whether orally, in writing, or by any other means.

j. "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning. In construing a request, the singular shall include the plural and vice versa, and the use of a masculine, feminine, or neutral pronoun shall not exclude any of the others. The past tense includes the present tense and vice versa, where the clear meaning is not destroyed by the change.

k. "Document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and shall include any handwritten, typed, photographed, computerized, audio, video, or other graphical matter, regardless of how it is printed, stored, or reproduced, in your possession and/or control or known by you to exist, whether or not claimed to be privileged or otherwise excludable from discovery. Any Document with any marks or notations, including but not limited to initials, routing instructions, date stamps, and any comments, marking, or notation of any character, is to be considered a separate document.

l. If there are no Documents in your possession, custody, or control which are responsive to a particular request, so state and identify such request.

m. Any request for a Document is also a request to produce all iterations of that Document, including all earlier and all later versions of that Document.

n. In the event that you claim a privilege regarding any of the information sought in this subpoena or rider, please provide a log stating the privilege claimed and providing sufficient information, including the number of pages, type of document, date of document, so that the claim of privilege may be adjudicated.

o. In the event that any Document requested has been destroyed or lost, please identify the document destroyed or lost, its contents, the approximate date of destruction or loss, the identity of the persons who last observed the document prior to its destruction or loss, and the reason for its destruction or circumstances of its loss.

## **Materials To Be Produced**

1. All Documents and materials you prepared in forming your opinions in this case, including but not limited to notes, summaries, memoranda, and transcriptions, but excluding materials that are protected from disclosure by Federal Rule of Civil Procedure 26.

2. All Documents and Communications in your possession, custody, or control

relating to this civil case, excluding materials that are protected from disclosure by Federal Rule of Civil Procedure 26.

3. A list of all federal and state cases in which you have been disclosed as an expert in the past ten years, including the names of the parties, the court, the case number, and the attorney(s) who retained you.

4. Copies of reports you disclosed in any of the cases listed in your response to request number 3 above. To the extent necessary, all reports containing any confidential information or Protected Health Information (as defined under HIPAA) should be clearly marked as "CONFIDENTIAL SUBJECT TO A PROTECTIVE ORDER." The fact that a report may contain PHI or other protected health information is not a valid basis for withholding the Document.

5. If a report authored by you was not required in any jurisdiction of any case identified in No. 3, produce the disclosure summarizing your opinions.

6. Transcripts of any trial or deposition testimony you gave for any case identified in response to No. 3 above. To the extent necessary, all transcripts containing any confidential information or Protected Health Information (as defined under HIPAA) should be clearly marked as "CONFIDENTIAL SUBJECT TO A PROTECTIVE ORDER." The fact that a transcript may contain PHI or other protected health information is not a valid basis for withholding the Document.

7. A list of all federal and state cases in which your proposed testimony has been barred or limited in whole or in part, and any related court opinions or orders.

8. All Documents reflecting any income you received as compensation for providing any expert witness or consulting services in any criminal or civil cases in the last ten years, and documents sufficient to reflect what percentage of your total income for those ten years

was from providing expert witness and litigation consulting services.

9. All Documents itemizing the time spent on any work you performed in connection with the Lawsuits.

10. All Documents reflecting the amounts charged by you for any work or service You provided in connection with the Lawsuits, including but not limited to itemized invoices or billing statements, emails or other correspondence exchanged between you and Loevy & Loevy.

11. Copies of each report you authored for every case in which you have been disclosed in the last 10 years by Loevy & Loevy.

12. All Documents reflecting the amounts you invoiced and collected for each case over the last 10 years in which you have been disclosed by Loevy & Loevy.

13. Copies of all articles, texts, or other writings referenced in your Report. For any materials that have been produced already by the parties in this litigation, a list of materials by Bates number will suffice.

14. Complete titles, including author, publisher and date of publication, of any and all textbooks, journals, articles, or other written materials on which you relied in forming your opinions relevant to this case.

15. Copies of all reports or declarations you wrote or co-wrote in relation to any case involving allegations of wrongful arrest, prosecution, conviction, or incarceration.

16. Copies of any Communication between you and any third-party witness or party to this case, including Plaintiffs or any of their agents, excluding materials that are protected from disclosure by Federal Rule of Civil Procedure 26.

17. All Documents related to your evaluation or testing of Plaintiff(s), including but not limited to IQ test results, information, questionnaires, notes and any raw data.

18. All Documents reflecting communications with any third-party regarding Plaintiffs, including but not limited to Dr. Vincent Culotta.

19. All Documents from any health care or mental health care provider regarding Plaintiff.

20. Copies of all presentations, lectures, or talks that you have given in the past ten years relating in any way to the subject matter discussed in your Report.

21. Copies of any and all policy and procedure manuals, guidelines, training manuals, teaching manuals, orientation manuals or similar materials which you have participated in creating, co-authored or used in your practice.

22. Copies of the Syllabi and any materials used in teaching any subject matter addressed or discussed in your Report.

23. Notes of any interviews You conducted with respect to your Report, including Your interviews of Plaintiff or any other person identified in your Report.

24. Any audio or video recording of any interviews you conducted with respect to your Report, including Your interviews of Plaintiff or any other person identified in Your report.

25. Transcripts of any audio or video recording of any interviews You conducted with respect to Your Report, including your interviews of Plaintiff or any other person identified in Your report.

26. All Documents relating to complaints made against you, or discipline or sanctions imposed upon you, at any time in your professional career, including but not limited any complaints and any of your responses to complaints.

27. Copies of all articles that you have authored, co-authored, published or edited that relate in any way to the subject matter discussed in your report in this case.

28. Copies of all Documents and materials used by you to promote or advertise your expert and/or consulting business or services, including but not limited to advertising materials and Internet websites and postings, and any expert service or agency directory listing you.

29. All Documents related to or regarding any assessment or examination of Plaintiffs performed by you or by any other person, including but not limited to including reports, test results, testing data, notes, correspondence or communications.

30. Regardless of whether you relied on them, all Documents provided to you to consider in formulating your opinions and report or preparing for your deposition testimony. For any Documents previously produced by the parties in this case, a description of the document and a bates-stamp range will suffice.

31. A copy of any summary provided to you, regardless of whether the subject matter of the summary is a deposition, trial testimony, reports of any kind or any other document or information.

32. All Communications between you and the Plaintiffs, you and Plaintiffs' attorney(s), and You and employees/agents of Plaintiffs' attorney that:

    (a) relate to compensation for your study, review, report and testimony;
    (b) identify facts or data that you considered in forming the opinions expressed; and
    (c) identify assumptions that the plaintiffs' attorneys (including agents/employees of plaintiffs' attorneys) provided to you that you relied upon in forming his/her opinions.

33. For each assumption responsive to 32(c) above, please provide the assumption provided to you if it is not reflected in the Communication.