UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARNOLD DAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 19-cv-7286 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| KENNETH BOUDREAU, *et al.*, ) | |
| ) | |
| Defendant. ) | |

### ORDER

The Court sustains the parties' joint motion to resolve disputed facts [229], [233] as follows:

### STATEMENT

1. Statement 3: The Court overrules Plaintiff's objection.

2. Statement 4: The Court sustains Plaintiff's objection in part and denies it in part. The Court modifies Statement 4 by striking "According to Day, Erving's gang, the Jet Blackstones, and Day's gang, the Blackstones, were rivals at the time Erving was killed."

3. Statement 12: The Court sustains Defendants' objection and removes the phrase "as the two people passed under the streetlights" from the third sentence.

4. Statement 13: The Court overrules both Defendants' and Plaintiff's objections.

5. Statement 21: The Court overrules Plaintiff's objection.

6. Statement 22: The Court overrules Plaintiff's objection.

7. Statement 23: The Court overrules Plaintiff's objection.

8. Statement 24: The Court overrules Defendants' objections.

9. Statement 25: The Court sustains Defendants' objection and modifies the objected to phrase to read: "but Krona testified that the individual to whom she spoke, she believed to be a detective."

10. Statement 26: The Court overrules Plaintiff's objection.

11. Statement 27: The Court overrules Plaintiff's objection.

12. Statement 35: The Court sustains Defendants' objection and modifies the objected phrase to read: "give them names and where detectives could find them."

13. Statement 36: The Court overrules Defendants' objection.

14. Statement 38: The Court sustains Defendants' objection and modifies the objected phrase to read: "At the time of Krona's interrogation, the detectives assigned to the Erving investigation were Detectives McWeeny and Brennan."

15. Statement 39: The Court overrules Plaintiff's objection.

16. Statement 40: The Court sustains Plaintiff's objection in part and denies it in part. The Court modifies the paragraph to read: "Plaintiff's Second Supplemental Response to Radtke's Interrogatories does not identify when Officer Defendant Day believes is responsible for suppressing this evidence."

17. Statement 41: The Court overrules Plaintiff's objection.

18. Statement 43: The Court overrules Defendants' objection and Plaintiff's objection.

19. Statement 46: The Court sustains Defendants' objection and removes the objected phrase from this paragraph.

20. Statement 47: The Court sustains Defendants' objection and revises the objected phrase to read: "McWeeny testified that if he had followed up on this information about Spook, if he had tried to follow up on that information, he would have documented that in a report."

21. Statement 50: The Court overrules Defendants' objection.

22. Statement 55: The Court overrules Plaintiff's objection.

23. Statement 56: The Court overrules Plaintiff's objection and Defendants' objection.

24. Statement 57: The Court sustains Defendants' objection and revises the objected phrase to read: "after she had been at the police station for over 12 hours,".

25. Statement 59: The Court overrules Plaintiff's objection.

26. Statement 60: The Court overrules Defendants' objection.

27. Statement 62: The Court overrules Plaintiff's objection.

28. Statement 69: The Court overrules Plaintiff's objection and directs Defendants to correct the citation to Exhibit 71 to 280:21 – 286:14.

29. Statement 70: The Court sustains in part and denies in part Defendants' objection. The Court modifies the first sentence as follows: The notes reflect that neither Andre nor Antonio Thomas were asked about a Smith and Wesson gun.

30. Statement 71: The Court overrules Plaintiff's objection.

31. Statement 72: The Court overrules Plaintiff's objection.

32. Statement 77: The Court overrules Defendants' objection.

33. Statement 81: The Court overrules Defendants' objection.

34. Statement 83: The Court overrules Defendants' objection.

35. Statement 85: The Court overrules Plaintiff's objection.

36. Statement 86: The Court overrules Defendants' objection.

37. Statement 87: The Court overrules Defendants' objection.

38. Statement 89: The Court sustains the parties' objections and modifies the statement as follows: Jakes gave a statement to Dets. Kill and Boudreau in which he admitted to being the lookout in the Garcia homicide and identified Day as the shooter.

39. Statement 90: The Court overrules Defendants' objection.

40. Statement 92: The Court overrules Defendants' objection.

41. Statement 93: The Court overrules Defendants' objection.

42. Statement 99: The Court sustains Defendants' objection in part and modifies the second sentence as follows: In 2019, Jakes received a certificate of innocence from the Circuit Court of Illinois.

43. Statement 100: The Court overrules Plaintiff's objection.

44. Statement 101: The Court sustains Plaintiff's objection in part. Defendants should remove reference to Exhibit 80 as it does not support the proposition cited. Defendants should further remove reference to Exhibit 87 because it lacks any indicia that Defendants produced these materials in discovery for this case. The Court overrules Plaintiff's remaining objection.

45. Statement 102: The Court sustains Plaintiff's objection and directs Defendants to use the direct quote from Exhibit 80: 32:19 – 33:7.

46. Statement 105: The Court overrules Plaintiff's objection.

47. Statement 110: The Court sustains Plaintiff's objection and deletes the first sentence. The Court sustains Defendants' objection and modifies the objected phrase as follows: but he knew about the homicide investigation because it was out of Area 3.

48. Statement 111: The Court overrules Defendants' objection.

49. Statement 112: The Court overrules Plaintiff's objection.

50. Statement 115: The Court sustains Defendants' objection in part and denies it in part. The Court directs the parties to remove the first two sentences of Statement 115.

51. Statement 116: The Court sustains Plaintiff's objection in part and denies it in part. The Court orders the parties to add the following to the end of Statement 116: "So when I say nice and kind, it was that, yeah, I'm being implemented now in the murder, but he appeared to be going to help me. So that won't hurt me. If I got these cases and he helped me, I might get out winning a little bit. So that was the gist of it."

52. Statement 118: The Court overrules Plaintiff's objection.

53. Statement 119: The Court overrules Plaintiff's objection but instructs Defendants to include foundational support for Exhibit 121.

54. Statement 121: The Court overrules Plaintiff's objection.

55. Statement 122: The Court overrules Plaintiff's objection.

56. Statement 123: The Court overrules Defendants' objection.

57. Statement 124: The Court overrules Plaintiff's objection. The Court overrules Defendants' objection.

58. Statement 126: The Court overrules Plaintiff's objection.

59. Statement 127: The Court overrules Plaintiff's objection. The Court overrules Defendants' objection.

60. Statement 128: The Court overrules Plaintiff's objection.

61. Statement 129: The Court overrules Plaintiff's objection. The Court overrules Defendants' objection.

62. Statement 130: The Court overrules Plaintiff's objection. The Court overrules Defendants' objection.

63. Statement 136: The Court overrules Defendants' objection.

64. Statement 137: The Court overrules Plaintiff's objection. The Court overrules Defendants' objection.

65. Statement 138: The Court sustains Plaintiff's objection and modifies the statement to read as follows: Day testified that Det. Foley and Officer Evans did not confront him with any specific evidence other than to state that they had people pointing him out, saying that he did it.

66. Statement 140: The Court overrules Plaintiff's objection. The Court overrules Defendants' objection.

67. Statement 142: The Court sustains Plaintiff's objection and directs the parties to remove the quotation marks around "regurgitated." The Court overrules Defendants' objection.

68. Statement 143: The Court sustains Plaintiff's objection in part and denies it in part. The Court directs the parties to remove the quotation marks around "regurgitated Boudreau's theory to the ASA."

69. Statement 144: The Court sustains Defendants' objection in part and denies it in part. The Court modifies the Statement as follows: "At the time of Day's interrogation, the file contained documents indicating that Spook and Mark committed the murder. The file also contained a firearms report linking the Erving murder weapon to Antonio Thomas, Andre Thomas, and john Hooks aka Keith Thomas. The file also contained mugshots of individuals believed to be connected to the Erving murder, and none of them depicted Day."

70. Statement 146: The Court overrules Plaintiff's objection.

71. Statement 147: The Court overrules Defendants' objection.

72. Statement 148: The Court overrules Plaintiff's objection.

73. Statement 151: The Court sustains Plaintiff's objection and additionally finds this portion of the Statement repetitive. The Court modifies the statement as follows: Day claims that he confessed because of the abuse he suffered from Detectives and testified that the tipping point was Detective Foley choking him and threatening to throw him out of the window; subsequently, Day cooperated with Detectives and provided a false statement. The Court overrules Defendants' objection.

74. Statement 152: The Court overrules Defendants' objection.

75. Statement 154: The Court sustains Plaintiff's objection and orders Defendants to supplement the evidentiary support for where Day was in custody between February 4, 1992 and June 23, 1994 and the dates of that custody.

76. Statement 155: The Court overrules Plaintiff's objection.

77. Statement 161: The Court overrules Defendants' objection.

78. Statement 164: The Court overrules Plaintiff's objection.

79. Statement 165: The Court overrules Plaintiff's objection.

80. Statement 166: The Court overrules Plaintiff's objection.

81. Statement 167: The Court sustains Plaintiff's objection in part and denies it in part. The Court strikes the second sentence of Statement 167 because it is not supported by the cited evidence.

82. Statement 168: The Court overrules Plaintiff's objection.

83. Statement 169: The Court sustains Defendants' objection and strikes "because it got intercepted by the IDOC."

84. Statement 172: The Court sustains Defendants' objection. If Plaintiff can identify a non-hearsay exception to these statements, the parties can include them; but as written, these statements appear to be hearsay.

85. Statement 176: The Court sustains Plaintiff's objection in part and denies it in part. The Court modifies Statement 176 to read: "during the 2007 visit, Krona signed an affidavit that other people typed up for her." If Defendants have a citation that supports the 2009 affidavit, they can add it and the Court will deny Plaintiff's objection to the highlighted portion of the Statement.

86. Statement 177: The Court overrules Plaintiff's objection.

87. Statement 178: The Court overrules Defendants' objection. The Court sustains Plaintiff's objection in part and denies it in part. The Court modifies Statement 178 as follows: "Day continued his efforts to contact Krona from prison and Cassandra Taylor, his girlfriend, ran skip traces to find out where Krona was living."

88. Statement 179: The Court overrules Plaintiff's objection.

89. Statement 180: The Court overrules Plaintiff's objection. The Court overrules Defendants' objection.

90. Statement 181: The Court overrules Plaintiff's objection.

91. Statement 182: The Court overrules Plaintiff's objection.

92. Statement 183: The Court sustains Plaintiff's objection in part and denies it in part. The Court modifies Statement 183 and strikes "Later that week,".

Date: March 27, 2025                                         /s/ Sara L. Ellis