**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ARNOLD DAY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-7286 |
| | ) | |
| v. | ) | Hon. Sara L. Ellis |
| | ) | District Judge |
| KENNETH BOUDREAU, *et al.*, | ) | |
| | ) | Magistrate Judge Jeffrey Cummings |
| Defendants. | ) | |

# Exhibit 173

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

REUBEN PALMER, et al.,              )
                                    )
        Subclass A Plaintiffs,      )
                                    )
        and                         )
                                    )
EDWARD NEGRON, et al.,              )
                                    )
        Subclass B Plaintiffs,      )
                                    )
        v.                          )        No.   82 C 2349
                                    )
CITY OF CHICAGO, et al.,            )
                                    )
        Defendants.                 )

O R D E R 1/

This Court's Findings of Fact ("Findings") and Conclusions
of Law ("Conclusions") dated March 31, 1983 have been entered
in accordance with Fed. R. Civ. P. ("Rule") 52(a). Those
Findings and Conclusions represent the reasons for the issuance

---

1/      In response to this Court's March 31, 1983 order embodying
the Findings and Conclusions, the parties have submitted
comments on the proposed form of order that accompanied
the March 31 order. Comments by counsel for City Defendants
reflect both (a) a niggling approach to what are after all
fundamental constitutional concerns and (b) an extraordi-
narily poor understanding of the fundamentals of drafting.
In view of those infirmities, it can only be hoped that
their client, the new Superintendent of Police, displays
the same forthrightness and supportiveness of the principles
dealt with by this Court that now-resigned Superintendent
Brzeczek did (see Finding 18). Because City Defendants'
comments do not merit individual attention, only n.2 treats
with a particularly indefensible aspect of their submission.
As for County Defendants, their comments ignore (a) the
pervasive problems engendered by the previously employed
practices, (b) the fact that various of the Assistant
State's Attorneys have in fact been ─────── ─ ───

CITY 022471

Plaintiffs' Exhibit UUUU

2

of this Order. In accordance with Rule 65(d), it is ordered
that pending a hearing on the ultimate merits of this litigation:

1. "City Defendants" (City of Chicago, Superintendent of
Police Rich    Drzeczek and Detective Division Area Two
Commander Milton Deas) shall forthwith, and shall forthwith
cause their officers, agents, servants, employees, attorneys
and persons in active concert or participation with any of them
to, modify Special Order 83-1 in the following respects:

(a) by adding the term "street files" to Paragraph I
("Introduction") as one of the previously-existing common
designations of investigative documents and files;

(b) by revising Paragraph V.A to require immediate
initiation of an Investigative File Case Folder in all
violent crime field investigations;

(c) by inserting the following new Paragraph V.B.1
(renumbering the present subparagraphs accordingly):

in line with the investigator's obligations to record
and preserve all relevant information 2/ as fully and

Footnote Continued
that to rid the present system of the constitutionally
flawed practices "root and branch" (to import a phrase
from another area of constitutional law) requires action
by both sets of defendants working in cooperation. As
matters now stand either set can frustrate the constitu-
tional rights of defendants, and the provisions of
Paragraph 4 of this order represent only minimal require-
ments that County Defendants' own Deputy State's Attorney
Kunkle confirmed would be helpful (see Finding 19 and
Conclusion 5(b)). Again it is disingenuous of counsel for
County Defendants (as in the case of City Defendants'
counsel) to disavow what their clients have been forthright
enough to acknowledge. For all these reasons, this order
follows the original proposed form in all substantive respects.

2/    Ironically City Defendants complain of the use of the term
"relevant information," though it was their own personnel
that testified the proper (and only meaningful)    CITY 022172
to define the obligation of their investigators was to

**3**

accurately as possible, take and maintain complete
notes of all relevant matters during the course of
their investigation (this requirement is intended to
serve the purposes of Department directives to assure
not only that information and materials indicating
the possible guilt of the accused are preserved, but
also that the accused may ultimately be granted access
to any information and materials that may tend to
show his possible innocence or aid in his defense).

(d) by revising the language of present
Paragraph V.B.2 to begin:

promptly (normally at the end of each tour of duty)
submit all handwritten notes and investigative
documents....

(e) by inserting a provision to the following effect
in an appropriate place in Paragraph V.B:

Any detective who has or receives information
relating to a violent crime field investigation not
assigned to him will promptly forward the information
to the assigned detective for investigation and
inclusion in the Investigative File Case Folder.

(f) by inserting the following provision in an
appropriate place in Paragraph V.B:

Whenever a subpoena or discovery motion is received
in any case, two copies of the Investigative File
Inventory Sheet will be forwarded to the Office of
Legal Affairs of the Department in the case of a
subpoena, or to the Criminal Division of the Office
of the State's Attorney in the case of a discovery
motion, so that one of such copies may be transmitted
to the attorney for the defendant.

2. City Defendants shall also promptly issue such

directives and take such other action as may be required to

assure that each Investigative File Inventory Sheet in any case

---

Footnote Continued

Defendants and their counsel in response to plaintiffs'
efforts to impose an obligation to record and preserve any
and all matters ascertained during investigation. City
Defendants' counsel will not now be permitted to shift
gears, given the stated constitutionally-directed purposes
of this order.

CITY 022173

Plaintiffs' Exhibit UUUU

4

that results in arrest and the approval of felony charges shall be supplemented, immediately upon such approval, by a complete list of all types of investigative and other police reports not given the RD number associated with the case, so that the copy transmitted to defendant's attorney as provided in Paragraph 1(f) of this Order will contain that information as well.

3. City Defendants shall also promptly issue such directives and take such other action as may be required to assure that Department's Training Division will develop a program of instruction designed to inform Detective Division personnel of (a) revised procedures relative to the initiation and maintenance of Investigative Files and (b) the underlying reasons for those procedures, including the need to preserve information obtained during investigations to protect the rights of prospective defendants.

4. Cook County State's Attorney Richard M. Daley shall promptly issue such directives and take such other action as may be required to assure that all Assistant State's Attorneys shall:

     (a) maintain familiarity with the Chicago Police Department system (including any changes from time to time) for filing and maintaining police writings in criminal cases that the State's Attorney's Office is prosecuting;

     (b) upon being advised of a discovery motion, or upon the filing of any "answer to discovery" in anticipation of such a motion, in connection with any contemplated or pending criminal prosecution, obtain all police files and records from the various divisions of the Chicago Police Department that have such documentation, and obtain

Plaintiffs' Exhibit UUUU

5

all additional such documentation as it is subsequently
generated;

(c) provide the defendant with the Investigative
File Inventory Sheet where it exists in any pending
criminal prosecution and where a discovery motion has been
filed or an "answer to discovery" has been filed in
anticipation of such a motion;

(d) upon any request for documents pursuant to
discovery motion or upon the filing of any "answer to
discovery" in anticipation of such a motion, provide the
defendant with all police writings that are discoverable
and notice of the existence of others that the State's
Attorney claims are not;

(e) compare all files or notes produced by detectives
at felony review, preliminary hearings, pretrial workups
and trial with materials in the State's Attorney's file to
assure that no police writings have been withheld from the
State's Attorney's Office.

5. Rule 65(c) literally requires a bond in conjunction
with every preliminary injunction. Two factors militate
against requiring a bond here:

(a) Representative plaintiffs for the two sub-
classes are indigent. Our Court of Appeals has taught
"Indigence is such a circumstance [for excusing bond]."
Wayne Chemical, Inc. v. Columbus Agency Service Corp., 567
F.2d 692, 701 (7th Cir. 1977) and cases cited.

(b) Defendants have demonstrated no potential
damages to be suffered by them if they were held to have
been wrongfully enjoined.

Accordingly bond is excused, and this preliminary injunction is
issued without security.

6. This Court reserves judgment on plaintiffs' suggestion
that a master be appointed to "monitor detective division
operations and communications with the State's Attorney's
Office during some test period, and provide the Court with an
independent evaluation of reporting and disclosure problems

CITY 022175

Plaintiffs' Exhibit UUUU

6

under the current system." If defendants' performance under this order were to continue to reflect the same attitudes and conduct that were identified in the Findings and Conclusions, such an appointment might be in order. For the present this Court will give defendants the benefit of the assumption they will comply with alacrity and good faith with their duties to assure the constitutional rights of criminal defendants.

Milton I. Shadur
United States District Judge

Date:  April 27, 1983

CITY 022176

Plaintiffs' Exhibit UUUU